**Richard BRAUTIGAM, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

**No. C–3–83–766.**

United States District Court, S.D. Ohio, W.D.

April 11, 1985.

**64**

Richard Brautigam, Maplewood, Ohio, pro se.

Gerald F. Kaminski, Asst. U.S. Atty., Dayton, Ohio, Ronald F. Fischer, Robin L. Greenhouse, Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION TO DISMISS; DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR EXPENSES AND PLAINTIFF'S MOTIONS TO DISMISS; JUDGMENT ENTERED FOR DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

RICE, District Judge.

The Defendant, the Commissioner of Internal Revenue, assessed the Plaintiff with a civil penalty, under 26 U.S.C. § 6702, for filing a frivolous tax return. In this action, Plaintiff challenges that assessment. This case is before the Court on a number of motions filed by the Plaintiff and Defendant's Motion to Dismiss. (Doc. # 9). For reasons that follow, the Court hereby sustains Defendant's Motion to Dismiss and overrules the three motions which the Plaintiff has filed.

■ In his Motion to Dismiss (Doc. # 9), the Defendant argues alternatively that the Court lacks subject matter jurisdiction and that service of process was insufficient.[1] The Court finds it necessary to address only the jurisdictional argument. Defendant moves under Rule 12(b)(1), Fed.R. Civ.P., asserting that the Court lacks subject matter jurisdiction over this case because the Plaintiff does not allege that he has paid at least fifteen percent of the penalty that was assessed. Under 26 U.S.C. § 6703(c), a taxpayer must pay at least fifteen percent of the penalty assessed prior to initiating a suit. Alternatively, a taxpayer may pay the entire penalty and sue for a refund under 26 U.S.C. § 7422. However, Plaintiff has similarly failed to allege that he has met the requirements of § 7422 by paying the entire penalty. Additionally, to the extent that Plaintiff merely wants to enjoin the assessment and collection of the penalty against him, this suit is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a) which provides, "[n]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." The Supreme Court has carved out certain exceptions to the absolute prohibition contained in Section 7421(a). *See Enochs v. Williams Packing and Navigation Co., Inc.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). However, none of these exceptions is present herein. Accordingly, the Court concludes that it lacks subject matter jurisdiction over this action.

■ Plaintiff has filed a motion for expenses incurred (Doc. # 2), and two identi-

---

**1.** Plaintiff has not filed a memorandum in opposition to Defendant's Motion to Dismiss.

cal motions to dismiss (Docs. # 3 and # 4). These motions address the failure of the Defendant to answer Plaintiff's suit for in excess of one year. Plaintiff filed his Complaint in August 15, 1983, and the Defendant answered on September 25, 1984. Plaintiff filed these three motions before the Defendant answered the Complaint. Essentially, these motions seek expenses and entry of default against the Defendant for his failure to timely answer Plaintiff's Complaint. However, as the Defendant sets forth in his Memorandum in Opposition to Plaintiff's motions (Doc. # 6), the Plaintiff failed to serve the Defendant in accordance with Rules 4(d)(4) and 4(d)(5), Fed.R.Civ.P. It is axiomatic that judgment cannot be entered against the United States in the absence of proper service of process upon it. Accordingly, the Court hereby overrules Plaintiff's Motion for Expenses (Doc. # 2) and Plaintiff's Motions to Dismiss (Docs. # 3 and # 4), which the Court has construed as motions for default judgment.

Based upon the foregoing, the Court hereby dismisses this case for want of subject matter jurisdiction. Judgment is entered for the Defendant and against the Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.